# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
------------------------------------- x
                                      :
In re:                                :   Chapter 11
                                      :
QUANTUM FOODS, LLC, et al.,           :   Case No. 14-10318 (KJC)
                                      :
         Debtors.¹                    :   Jointly Administered
                                      :
------------------------------------- x
                                      :
RAGING BULL ACQUISITION COMPANY       :
LLC,                                  :
                                      :
         Plaintiff,                   :
                                      :   Adv. Pro. No. 14-50360 (KJC)
v.                                    :
                                      :
QUANTUM FOODS, LLC, QUANTUM           :
FOODS 213-D, LLC, QUANTUM CULINARY,   :
LLC, GDC LOGISTICS, LLC, and CHOICE   :
ONE FOODS, LLC,                       :
                                      :
         Defendants and               :
         Counterclaim Plaintiffs,     :   Re: Docket No. 108
                                      :
v.                                    :
                                      :
OAKTREE CAPITAL MANAGEMENT, LP        :
and RAGING BULL ACQUISITION           :
COMPANY, LLC,                         :
                                      :
         Counterclaim Defendants.     :
------------------------------------- x
```

## THIRD AMENDED SCHEDULING ORDER

To promote the efficient and expeditious disposition of the above-captioned adversary proceeding, the following schedule shall apply.

---

[1] The debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are Quantum Foods, LLC (9437); Quantum Foods 213-D, LLC (1862); Quantum Culinary, LLC (1302); GDC Logistics, LLC (1997); and Choice One Foods, LLC (9512). The debtors' mailing address is c/o Quantum Foods, LLC, 750 South Schmidt Road, Bolingbrook, Illinois 60440.

**IT IS HEREBY ORDERED** that:

1. Any extension of time to file a responsive pleading is not effective unless approved by Order of the Court. Any motion for extension of time to file a responsive pleading or stipulated order for such an extension must be filed with the Court no later than ten (10) days before the initial scheduling conference on the particular matter to which such responsive pleading or stipulated order applies.

2. Pursuant to Rule 7016-1 of the Local Rules for the United States Bankruptcy Court District of Delaware ("Local Rules"), the initial Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 16 scheduling conference in this adversary proceeding (the "Initial Scheduling Conference"), made applicable by Rule 7016 of the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), was held on July 16, 2014, at 11:00 a.m. (Eastern Time) in connection with the pretrial conference in this case.

3. In connection with the negotiation of this Scheduling Order, the parties met and conferred regarding the scheduling and discovery matters reflected herein as required under Local Rule 7026-3 and Fed. R. Civ. P. 26(f), made applicable by Fed. R. Bankr. P. 7026.

4. In lieu of the initial disclosures under Fed. R. Civ. P. 26(a)(1), the parties produced documents in response to initial document requests on a rolling basis, between August 12, 2014, and August 22, 2014.

5. All written discovery and document production shall be substantially completed by December 19, 2014. No depositions shall be scheduled before this date.

6. If either party intends to call any expert witness as a part of its case-in-chief at trial, it will provide the other party with written notice of that fact, which shall include a brief description of such witness's expected areas of testimony, by January 5, 2014.

7. Any expert report required pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) shall be served by the party which bears the burden of proof for that issue by July 31, 2015. Any Parties' expert report intended to rebut any other expert report shall be provided by August 28, 2015. All reports shall provide the information required by Fed. R. Civ. P. 26(a)(2)(B).

8. All discovery shall be completed, and discovery shall close by September 25, 2015.

9. All dispositive motions shall be filed and served by October 16, 2015.

10. The parties shall comply with the General Order Governing Pretrial Procedures in Adversary Proceedings Set for Trial Before Judge Kevin J. Carey. The parties shall file, no later than three (3) business days prior to the date set for Trial, their Joint Pretrial Memorandum approved by all counsel and shall contemporaneously deliver two (2) copies thereof to Judge Carey's chambers.

11. Plaintiff shall immediately notify Chambers upon the settlement, dismissal, or other resolution of this adversary proceeding and shall file with the Court appropriate evidence of such resolution as soon thereafter as is feasible. Plaintiff shall file a status report forty-five (45) days after the date of this Scheduling Order, each forty-five (45) days thereafter, and thirty (30), twenty (20), and ten (10) days prior to trial (the date of which, as indicated above, will be established

at a later date, in a separate Order of this Court), setting out the status of the adversary proceeding subject to this Scheduling Order.

12. Deadlines contained in this Scheduling Order may be extended only by the Court and only upon written motion for good cause shown.

13. Plaintiff shall serve this Scheduling Order on each Defendant within five (5) business days after the entry of this Scheduling Order.

Dated: June 8, 2015
Wilmington, DE

_____
HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

4